IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Rick Valentini,<br><br>    Plaintiff,<br><br>v.<br><br>David Shinn, et al.,<br><br>    Defendants. | No. CV-22-1612-PHX-MTL (DMF)<br><br>**REPORT AND RECOMMENDATION** |

**TO THE HONORABLE MICHAEL T. LIBURDI, UNITED STATES DISTRICT JUDGE:**

This matter is referred to the undersigned United States Magistrate Judge Deborah M. Fine pursuant to Rules 72.1 and 72.2 of the Local Rules of Civil Procedure for all pretrial proceedings as authorized under 28 U.S.C. § 636(b)(1) (Doc. 21 at 21).

For the reasons set forth below, it is recommended that this matter be dismissed without prejudice for Plaintiff's failure to serve remaining Defendant Unknown Bomboy (also known as "James Bomboy" and referred to herein as "Defendant Bomboy").

**I.    BACKGROUND AND PROCEDURAL POSTURE**

Throughout these proceedings, Plaintiff Rick Valentini ("Plaintiff") has been and remains confined in an Arizona State Prison Complex. In September 2022, Plaintiff filed a pro se civil rights Complaint pursuant to 42 U.S.C. § 1983 (Doc. 1). On December 6, 2022, the Court dismissed the Complaint with leave to file a first amended complaint (Doc.

13). Later, Plaintiff's First Amended Complaint was dismissed with leave to file a second amended complaint (Docs. 16, 18). Plaintiff thereafter filed his Second Amended Complaint (Doc. 19).

On October 17, 2023, the Court dismissed without prejudice all counts except a portion of Count Four and dismissed without prejudice all defendants except Defendant Bomboy (Doc. 21). The Court concluded that "[l]iberally construed, Plaintiff has stated a First Amendment retaliation claim against Defendant Bomboy in Count Four, and Defendant Bomboy will thus be required to answer that portion of Count Four" (*Id.* at 18).

In the October 17, 2023, Order, the Court further directed that "Plaintiff must complete and return the service packet to the Clerk of Court within 21 days of the date of filing of this Order. The United States Marshal will not provide service of process if Plaintiff fails to comply with this Order" (*Id.* at 19). Plaintiff was warned that if "Plaintiff does not either obtain a waiver of service of the summons or complete service of the Summons and Second Amended Complaint on Defendant within 90 days of the filing of the Complaint or within 60 days of the filing of this Order, whichever is later, the action may be dismissed. Fed. R. Civ. P. 4(m); LRCiv 16.2(b)(2)(B)(ii)" (*Id.* at 19-20). Plaintiff was further warned that if he "fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the Court)" (*Id.* at 19).

On November 17, 2023, the Court issued an Order to Show Cause for Plaintiff's failure to timely return the completed service packet for Defendant Bomboy (Doc. 23). The Order to Show Cause was returned as undeliverable (Doc. 25). Thereafter, Plaintiff filed a motion for status (Doc. 27). On December 5, 2023, the Court granted the motion for status and directed that the Clerk of Court provide another service packet for Defendant Bomboy to Plaintiff (Doc. 28).

Plaintiff timely filled out and returned the service packet, which was forwarded to the United States Marshal to attempt service of process on Defendant Bomboy. On

February 6, 2024, the service packet was returned unexecuted for Defendant Bomboy with the following notation by the Deputy United States Marshal who attempted service:

> Employer informed that Mr. John Bomboy who's real name is "James Bomboy". Is no longer employed as a corrections officer and resigned on 14 December 2021.

(Doc. 31).

On February 8, 2024, the Court directed that the Arizona Attorney General's Office provide "under seal, the last known address of Defendant James Bomboy or, alternatively, a Notice indicating the Arizona Attorney General's Office or Arizona Department of Corrections Rehabilitation and Reentry will accept service of process on his behalf" (Doc. 32). The Court further ordered that upon "receipt of Defendant Bomboy's last known address, the Clerk of Court must prepare a service packet and forward it to the United States Marshal Service for personal service" (*Id.* at 3). In the same Order, the Court nevertheless reminded Plaintiff that it remained Plaintiff's responsibility for providing a valid service address for Defendant Bomboy (*Id.* at 1-2).

On February 14, 2024, the Arizona Attorney General's Office ("AGO") provided a Notice of Filing stating that neither the AGO nor Arizona Department of Corrections Rehabilitation and Reentry ("ADCRR") would accept service for Defendant Bomboy; the AGO submitted under seal ADCRR's last known address for Defendant Bomboy (Docs. 33, 34). Because the last known address is a United States post office box, the Court ordered that the United States Marshal make efforts to seek a waiver of service from Defendant Bomboy by first class mail to Defendant Bomboy at the United States post office box provided by the AGO and ADCRR (Doc. 38). Plaintiff was again reminded that it was Plaintiff's responsibility for providing a valid service address for Defendant Bomboy (*Id.*). Plaintiff was warned that:

> Defendant Bomboy may or may not waive service per the United States Marshal mailing effort ordered herein. Thus, the Court will order that Plaintiff must timely provide a service packet for Defendant Bomboy containing an additional address for the United States Marshal to make

> further efforts to attempt service, including an address for attempt of personal service.

(*Id.* at 2).

The United States Marshal's attempt to obtain a waiver of service from Defendant Bomboy was unsuccessful; as Plaintiff is long aware, in March 2024, Rhea Tate rather than Defendant Bomboy signed the certified return receipt mailing for the waiver of service sent to Defendant Bomboy at the post office address (Doc. 41; *see* Doc. 43 at 3). Defendant Bomboy did not thereafter provide or file a waiver of service.

On April 17, 2024, the Court issued an Order to Show Cause for Plaintiff's failure to comply with the Court's February 20, 2024, Order (Doc. 43). The Order to Show Cause set forth Plaintiff's failure to provide a service packet for Defendant Bomboy containing an additional address for the United States Marshal to make further efforts to attempt service (*Id.*). The Order to Show Cause was also directed to Plaintiff's failure to timely serve Defendant Bomboy (*Id.*). The Court ordered that within 21 days, Plaintiff must:

> return the service packet as to Defendant Bomboy with additional information for the United States Marshal to further attempt service or to show cause in writing filed with the Court why this case should not be dismissed for failure to timely serve Defendant Bomboy, failure to comply with this Court's Orders, and failure to prosecute this matter.

(*Id.* at 3). After Plaintiff filed his response to the Court's Order to Show Cause stating that he had not received any additional service packets, on May 28, 2024, the Court issued an order directing that "the Clerk's Office to provide another service packet to Plaintiff for Plaintiff to fill out and return to the Court within twenty-one (21) days with additional service information for Defendant Bomboy" and warning that:

> [i]f Plaintiff fails to timely return a new service packet with additional service information for the United States Marshal to further attempt service of Defendant Bomboy and/or not timely complete service of Defendant Bomboy, then this matter may be dismissed without prejudice. The Court is not inclined to extend the time for service again absent a motion for extension of time containing a viable plan by Plaintiff for Plaintiff to obtain additional service information for Defendant Bomboy.

(Doc. 46 at 2-3). The Order stated that:

> Plaintiff is again put on notice that it is his responsibility and not the Court's or the United States Marshal's Office to obtain accurate information for service of Defendant Bomboy. Neither the Court nor the United States Marshal may conduct investigation on Plaintiff's behalf (Docs. 32, 38). The Court previously directed the Arizona Attorney General's Office and the Arizona Department of Corrections Rehabilitation and Reentry ("ADCRR") to provide a last known address of Defendant Bomboy upon learning that Defendant Bomboy no longer works for ADCRR, and there was compliance with the Court's Order (Docs. 32, 33, 34, 38, 41, 43). The United States Marshal has made several attempts at service of Defendant Bomboy, all of which have been unsuccessful (Docs. 31, 41, 43). These attempts have included sending the waiver of service to the last known address of Defendant Bomboy provided by ADCRR, which is a post office box. The United States Marshal cannot reasonably attempt direct personal service of Defendant Bomboy at the last known address provided by ADCRR, which is a post office box.

(*Id.* at 2). Plaintiff was contemporaneously provided with another service packet for Defendant Bomboy (Doc. 46-1 to 46-6), which Plaintiff has not returned.

Plaintiff filed a response to the Court's Order to Show Cause (Doc. 47). On June 17, 2024, the Court issued an order stating:

> Plaintiff has now filed a response to the Court's Order regarding Plaintiff returning a service packet for Defendant Bomboy (Docs. 46, 47). In the response (Doc. 47), Plaintiff requests that the United States Marshal access the post office box information card for the post office box provided for Defendant James Bomboy, which was in Coolidge, AZ 85128 (*see* Docs. 32, 43). The post office box number in Coolidge, AZ 85128 was provided under seal by counsel for ADCRR (*see* Docs. 32, 33, 34). The United States Marshal does not have access to the post office's post office box information card. Again, it is Plaintiff's responsibility to provide service information for Defendant Bomboy for the United States Marshal to attempt service. The Court will order that the Clerk of Court provide Plaintiff two subpoena duces tecum packets for Plaintiff's use to attempt to obtain service information for Defendant James Bomboy so that the United States Marshal can re-attempt service in an additional (third) way on Defendant James Bomboy.

(Doc. 48 at 3). Plaintiff was contemporaneously provided "two unissued subpoena forms and two USM-285 forms for subpoena service, both of which Plaintiff must fill out

- 5 -

completely and attach to any appropriate motion for issuance of subpoena in compliance with General Order 18-19" (*Id.* at 4).

Plaintiff thereafter filed two requests for issuance of a subpoena, but the requests did not comply with applicable legal requirements (Docs. 49, 50, 51, 52). On July 25, 2024, the Court granted Plaintiff's third motion for a subpoena directed to obtaining service information on Defendant Bomboy (Docs. 53, 54), and the Court extended the time for completing service on Defendant Bomboy to September 22, 2024 (Doc. 54). On July 25, 2024, the issued subpoena with a documents return date of August 24, 2024, was forwarded to the United States Marshal Service, and on July 29, 2024, service was returned as executed on Postmaster Sheree Campbell on July 26, 2024 (Doc. 56). There have been no filings in this matter after such time.

To date, Defendant Bomboy has not been served. To date, it appears that Plaintiff has not taken any steps to obtain service information for or to otherwise serve Defendant Bomboy other than as described above. Indeed, Plaintiff has not made any filing in this matter after his July 23, 2024, request for a subpoena, which resulted in the subpoena being promptly issued and served in July 2024 (Docs. 53, 54, 56). The return date for the subpoena was in August 2024, which is now almost two months ago. Not only has Defendant Bomboy not been served, but Plaintiff has not provided the Court with any additional plan, let alone a viable plan, for service of Defendant Bomboy.

## II. DISCUSSION

The issue before the Court is whether to grant Plaintiff an extension of time to serve Defendant Bomboy pursuant to Fed. R. Civ. P. 4(m) or whether to dismiss unserved Defendant Bomboy without prejudice for failure to timely serve. A federal court does not have "personal jurisdiction over a defendant unless the defendant has been served in accordance with Fed.R.Civ.P. 4." *Travelers Cas. & Sur. Co. of America v. Brenneke*, 551 F.3d 1132, 1135 (9th Cir. 2009) (internal quotation marks and citations omitted). Rule 4(m) provides that:

> [i]f a defendant is not served within 90 days after the complaint is filed, the

- 6 -

> court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service must be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period. This subdivision (m) does not apply to service in a foreign country under Rule 4(f), 4(h)(2), or 4(j)(1), or to service of a notice under Rule 71.1(d)(3)(A).

Fed. R. Civ. P. 4(m). A "plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m) and must furnish the necessary copies to the person who makes service." Fed. R. Civ. P. 4(c)(1).

There are "two avenues for relief" from the time limit in Rule 4(m). *Lemoge v. United States*, 587 F.3d 1188, 1198 (9th Cir. 2009). The first, which is "mandatory," requires a district court to "extend time for service upon a showing of good cause." *Id.* (citing *In re Sheehan*, 253 F.3d 507, 512 (9th Cir. 2001)). Under the second, which is discretionary, "if good cause is not established, the district court may extend time for service upon a showing of excusable neglect." *Id.* Although the Ninth Circuit has not "articulate[d] a specific test that a court must apply in exercising its discretion under Rule 4(m)," *Sheehan*, 253 F.3d at 513, a Court may consider factors such as "a statute of limitations bar, prejudice to the defendant, actual notice of a lawsuit, and eventual service." *Efaw v. Williams*, 473 F.3d 1038, 1041 (9th Cir. 2007) (internal quotations omitted).

**A. The Record Does Not Establish Good Cause for a Mandatory Extension of Time**

For a mandatory extension of time, Plaintiff must show good cause. *Lemoge*, 587 F.3d at 1198.

> Good cause to avoid dismissal may be demonstrated by establishing, at minimum, excusable neglect. *See Boudette v. Barnette,* 923 F.2d 754, 756 (9th Cir. 1991). In addition to excusable neglect, a plaintiff may be required to show the following factors to bring the excuse to the level of good cause: "(a) the party to be served personally received actual notice of the lawsuit; (b) the defendant would suffer no prejudice; and (c) plaintiff would be severely prejudiced if his complaint were dismissed."

*Id.* at 1198 n. 3; *see also Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-30 (1962) (holding a court's authority to dismiss for lack of prosecution is necessary to prevent undue delays in

the disposition of pending cases and to avoid congestion in the calendars of the district courts); *Ferdik*, 963 F.2d at 1260 (holding that a district court may dismiss an action for failure to comply with any order of the court). Here, Plaintiff has not shown excusable neglect, and there is not good cause for an extension of time to effectuate service.

Nothing in the record suggests that Defendant Bomboy received actual notice of Plaintiff's lawsuit. Defendant Bomboy has not been served with process, has not made an appearance before the Court, and has not contacted the Court in any manner. Indeed, the United States Marshal's attempt to complete service of Defendant Bomboy reflected that Defendant Bomboy was no longer employed at the address Plaintiff provided or even as a corrections officer. Accordingly, factor (a) does not support a finding of good cause.

As for factor (b), while the loss of "a quick victory" is not prejudicial, *Bateman v. United States Postal Serv.*, 231 F.3d 1220, 1225 (9th Cir. 2000), the events at issue are alleged by Plaintiff to have occurred in November 2021 (Doc. 19 at 10; Doc. 21 at 9-10 (Plaintiff "alleges that on November 9, 2021, Defendant Bomboy 'approached [Plaintiff's] cell and physically threatened [Plaintiff] with bodily harm and threatened to destroy [Plaintiff's] property if [Plaintiff] did not stop asking 'his' officers for inmate letters . . . and informal complaint resolution [forms].'") (alterations in original)). The continued passage of time is prejudicial to Defendant Bomboy given the difficulty in obtaining evidence, such as witness testimony, as the alleged events become even older. Indeed, Defendant Bomboy had no control over the timing of Plaintiff's lawsuit or Plaintiff's repeated failures to state any claims against him before the Second Amended Complaint, which was filed in 2023.

As for factor (c), "[a] dismissal for untimely service is required to be a dismissal without prejudice[,]" thereby allowing a "plaintiff to refile the complaint and effect timely service." *United States v. 2,164 Watches, More or Less, Bearing a Registered Trademark of Guess?, Inc.*, 366 F.3d 767, 773 (9th Cir. 2004). If a plaintiff cannot refile a complaint due to a statute of limitations, however, dismissal would severely prejudice a plaintiff. *See, e.g., Trueman v. Johnson*, No. CIV 09-2179-PHX-RCB(DKD), 2011 WL 6721327, at *4

(D. Ariz. Dec. 21, 2011). Because "Section 1983 does not include its own statute of limitations[,] . . . federal courts apply the statute of limitations governing personal injury claims in the forum state." *Finkle v. Ryan*, 174 F.Supp.3d 1174, 1186 (D. Ariz. 2016). In Arizona, where Plaintiff alleges the events in his Complaint took place in part, the statute of limitations "for personal injury claims is two years." *Id.* Here, dismissal could, and likely would, bar Plaintiff from refiling his Complaint. This factor weighs strongly in favor of not dismissing the matter for failure to serve.

Nevertheless, Plaintiff has had approximately a year to serve Defendant Bomboy and has exhausted all avenues Plaintiff pursued without successfully serving Defendant Bomboy. The United States Marshal tried to serve Defendant Bomboy as Plaintiff instructed at what Plaintiff believed was Defendant Bomboy's place of employment as a correctional officer. Given that Defendant Bomboy had ended employment as a correctional officer between the alleged events and the United States Marshal's attempt to serve Defendant Bomboy per Plaintiff's instructions, the Court ordered the AOG and ADCRR to notify whether they would accept service for Defendant Bomboy; they will not accept service for Defendant Bomboy. The Court ordered the last known address for Defendant Bomboy be provided by AOG and ADCRR, which turned out to be a post office box. The United States Marshal attempted to obtain Defendant Bomboy's waiver of service by mailing a waiver to the post office box, but the efforts were unsuccessful. A subpoena to the post office's postmaster was issued and served on Plaintiff's request, but Plaintiff still has not provided additional service information for Defendant Bomboy. Importantly, Plaintiff has not provided the Court with any additional plans he has to effectuate service of Defendant Bomboy. Given the efforts previously made towards service and Plaintiff's lack of any proposed additional plan for service of Defendant Bomboy, the Court has no confidence that an extension of time would likely result in service of Defendant Bomboy.

Accordingly, good cause for an extension of time to serve does not exist on the record before the Court. Thus, an extension of time to serve is not mandatory.

**B. A Discretionary Extension of Time is Unwarranted**

Where good cause does not exist, the Court may grant a discretionary extension of time for Plaintiff to serve Defendants with the Complaint. The Court has "broad" but not limitless "discretion to extend time for service under Rule 4(m)." *Efaw*, 473 F.3d at 1041. In deciding whether to extend the time for service, "a district court may consider factors 'like a statute of limitations bar, prejudice to the defendant, actual notice of a lawsuit, and eventual service.'" *Id.* (quoting *Troxell v. Fedders of N. Am., Inc.*, 160 F.3d 381, 383 (7th Cir. 1998)).

The Court has already granted numerous extensions of time to serve Defendant Bomboy in this matter. Also discussed above, the applicable factors do not warrant a discretionary additional extension to serve on this record.

**III. CONCLUSION**

On this record and for reasons set forth above, it is recommended that the Court dismiss the remaining claim (First Amendment retaliation in Count IV of the Second Amended Complaint) against Defendant Bomboy, and hence this action, without prejudice.

Accordingly,

**IT IS RECOMMENDED** that the claim against Defendant Bomboy, and hence this action, be dismissed without prejudice and that the Clerk of Court be directed to terminate this matter.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed until entry of the District Court's judgment. The parties shall have fourteen days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6, 72. The parties shall have fourteen days within which to file responses to any objections. Failure to file timely objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the District Court without further review. *See United States v. Reyna-*

*Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure to file timely objections to any factual determination of the Magistrate Judge may be considered a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation. *See* Fed. R. Civ. P. 72.

In addition, LRCiv 7.2(e)(3) provides that "[u]nless otherwise permitted by the Court, an objection to a Report and Recommendation issued by a Magistrate Judge shall not exceed ten (10) pages."

Dated this 21st day of October, 2024.

_____
Honorable Deborah M. Fine
United States Magistrate Judge